## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT MILIE, TERRY ALBERTS, JR., MATTHEW CAPLES, BRIAN COYNE, CHRISTOPHER DAVIS, CHRISTOPHER HANKS, SHAWN HARTL, FRANCIS LANG, LAWRENCE LILIENTHAL, JR., RYAN MARQUEZ, MATTHEW MIRAGLIA, CHAD OSTERLUND, MICHAEL SCHONFELD, NICHOLAS JOHN ZBIKOWSKI | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **COMPLAINT** |
| vs. | ) ) | Case No. **C V 4 1 8 - 1 1 7** |
| CITY OF SAVANNAH, GA, | ) ) | *Jury Trial Demand* |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, by and through their counsel, respectfully submit this complaint

on their own behalf and on behalf of those similarly situated, against defendant

City of Savannah, Georgia, and states as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs are employees of the City of Savannah, Georgia, and

plaintiffs, on their own behalf and on behalf of those similarly situated, bring this

lawsuit as a collective action in accordance with 29 U.S.C. §216(b) of the Fair

Labor Standards Act ("FLSA") against defendant City of Savannah, Georgia, on behalf of themselves and all others similarly situated because of defendant's unlawful deprivation of plaintiffs' rights to use compensatory time as defined and protected by the FLSA. Plaintiffs and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. §201, *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as defendant is located within the Southern District of Georgia and a substantial part of the events and omissions giving rise to this claim occurred within the Southern District of Georgia.

## PARTIES

4.     Plaintiffs Robert Milie, Terry Alberts, Jr., Matthew Caples, Brian Coyne, Christopher Davis, Christopher Hanks, Shawn Hartl, Francis Lang, Lawrence Lilienthal, Jr., Ryan Marquez, Matthew Miraglia, Chad Osterlund, Michael Schonfeld, Nicholas John Zbikowski, and those similarly situated, are

2

each employees or former employees of defendant City of Savannah, Georgia, at Savannah Fire and Emergency Services ("Department").

5.     Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs have executed and hereby file with the Court their consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit A. Should other individuals similarly situated seek to join this action as individual plaintiffs, their consents will be filed with the Court. Written consent forms set forth each plaintiff's name and intent to be party to this suit. The term "plaintiff" or "plaintiffs" used herein refers to both the named plaintiffs and those similarly situated.

6.     The defendant in this action is the City of Savannah, Georgia, which is a City existing under the laws of the State of Georgia, over which this Court has jurisdiction, and which has a principal place of business in Chatham County, Georgia, within the Southern District of Georgia.

## FACTS

7.     Plaintiffs and those similarly situated work or have worked in the past three years for the defendant at the Department as a fire fighter, senior fire fighter, and/or master fire fighter.

3

8. Plaintiffs and those similarly situated, while employed by defendant, have each been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. The defendant is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x) and 29 U.S.C. § 207(o).

10. Upon information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

11. In their work on behalf of the defendant, plaintiffs, and those similarly situated, have had and continue to have the primary job duty to protect and serve the public by engaging in fire suppression, emergency response, and related activities.

12. While on the scene of fire calls, plaintiffs and those similarly situated engaged in the control, suppression, and extinguishing of fires, and the rescue of fire or accident victims.

13. Under 29 U.S.C. §207(o)(5), an employee of a public agency who has accrued compensatory time off and who has requested the use of such compensatory time shall be permitted by the employer to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt the operations of the public agency.

4

14.   In the three years preceding the filing of this Complaint, plaintiffs and those similarly situated have been denied requests to use compensatory time, such that they were not permitted by defendant to use compensatory time within a reasonable time after making the request, and in many cases, were not permitted to use compensatory time at all.

15.   In such situations where plaintiffs and those similarly situated requested to use compensatory time and were not allowed to use compensatory time, defendant's response was that the requests were denied because it would require the payment of overtime compensation to another employee.

16.   For example, plaintiff Milie has submitted requests to use compensatory time. While his requests were initially approved, the defendant later rescinded the approval stating that the use of compensatory time would result in the Department assigning another employee to Milie's shift and requiring the Department to incur the expense of paying that employee overtime compensation.

17.   Plaintiff Milie and Department Fire Chief Charles Middleton have had discussions regarding employee requests for compensatory time. In these conversations, Chief Middleton explained that the Department would not approve the use of accrued compensatory time by employees because it would result in incurring overtime costs to meet mandatory staffing requirements.

5

18.     In the three years preceding the filing of this Complaint, senior Department employees have coerced or intimidated plaintiffs and those similarly situated into not requesting the use of their accrued compensatory time.

19.     For example, Department Battalion Chiefs directed employees, including plaintiffs and those similarly situated, not to request to use accrued compensatory time. Plaintiffs and those similarly situated therefore refrained from requesting to use their accrued compensatory time out of fear that doing so would negatively impact their employment, including performance evaluations and chances for promotion.

20.     Defendant's actions in refusing to provide plaintiffs and those similarly situated the rights and protections provided under the FLSA are willful in that defendant knew its policy and practices with respect to those employees was prohibited by the FLSA or, at the very least, showed a reckless disregard for the FLSA.

## COUNT I
## VIOLATION OF § 207(o)(5) OF THE FAIR LABOR STANDARDS ACT

21.    Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 20 of this Complaint.

22.    29 U.S.C. § 207(o)(5) provides that an employee of a public agency who has accrued compensatory time off and who has requested the use of such time "**shall** be permitted to use such time within a reasonable period after making the request if the compensatory time does not unduly disrupt the operations of the public agency." 29 U.S.C. § 207(o)(5) (emphasis added).

23.    By denying plaintiffs' requests to use compensatory time when use of compensatory time would not unduly disrupt the operations of the Department, or by coercing or otherwise preventing or discouraging plaintiffs, and those similarly situated, from submitting requests to use compensatory time, the defendant has violated and is continuing to violate the FLSA, specifically, 29 U.S.C. § 207(o)(5).

24.    Defendant's denials of requests to use accrued compensatory time when use of that time would not unduly disrupt the operations of the Department, demonstrate that defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is willful, reckless, unreasonable, and in bad faith. As a result, at all times material herein, plaintiffs and those similarly situated are

7

entitled to make-whole relief for the maximum period allowed under the law during which time they have been unlawfully deprived of their rights under the FLSA.

25.    As a result of the defendant's willful, reckless, unreasonable and bad faith violations of the FLSA, there have become due and owing to plaintiffs and those similarly situated an amount that has not yet been precisely determined. The employment and work records for plaintiffs and those similarly situated (including time and attendance records, records of accrued compensatory time, and records of requests to use compensatory time) are in the exclusive possession, custody and control of the defendant. The plaintiffs and those similarly situated are unable to state at this time the exact amount due and owing. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

26.    Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's violations of the compensatory time requirements of the FLSA.

8

27.    Plaintiffs and those similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, plaintiffs hereby demand that all of the claims in this Complaint be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully, recklessly, unreasonably, and in bad faith, violated its statutory obligations under federal law, and deprived the plaintiffs and those similarly situated of their rights;

(b) Order defendant to comply with the Fair Labor Standards Act;

(c) Order a complete and accurate accounting of all the compensation and relief to which the plaintiffs and those similarly situated are entitled;

9

(d)  Award plaintiffs and those similarly situated full compensatory

relief, and liquidated damages equal to their unpaid compensation;

(e)  Award plaintiffs and those similarly situated interest on their

unpaid compensation and relief;

(f)  Award plaintiffs and those similarly situated their reasonable

attorneys' fees to be paid by the defendant, and the costs and disbursements of this

action; and

(g)  Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Thomas A. Woodley
Thomas A. Woodley
*Pro Hac Vice to be Submitted*
T. Reid Coploff
*Pro Hac Vice to be Submitted*
William W. Li
*Pro Hac Vice to be Submitted*
WOODLEY & McGILLIVARY, LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
Fax:  (202) 452-1090
taw@wmlaborlaw.com
trc@wmlaborlaw.com
wwl@wmlaborlaw.com

10

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
BARRETT & FARAHANY
1100 Peachtree St., NE, Ste. 500
Atlanta, GA 30309
Phone: (912) 303-7717
Fax: (404) 214-0125
charles@JusticeAtWork.com

*Counsel for Plaintiff*